CARAWAY, J.,
concurring.
hi concur in the affirmation of the trial court’s custody ruling.
I respectfully disagree that the “material change in circumstances” rule under Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731, has application for any change to a custody arrangement to which the parties consented with an “Interim Judgment.”
In Trettin v. Trettin, 37,260 (La.App.2d Cir.3/17/03), 839 So.2d 1272, this court addressed an “interim” custody judgment. We found that it was a temporary custody ruling with no statutory basis in our existing law. Nevertheless, we compared it to the former “provisional” custody allowed prior to the 1990 changes to our divorce law. To the extent that the parties consent to such interim arrangement and the court issues an interlocutory judgment outside codal authority, such a ruling does not resolve custody in the same manner as the consent judgment addressed in Evans v. Lungrin. The hearing for a final judgment for custody may soon follow on either party’s rule to show cause and the merits of any custody dispute may then be decided. Thus, the interlocutory “interim” judgment in Trettin v. Trettin was found not appealable as either party could return to court without prejudice from that judgment to seek custody under the test of La. C.C. art. 134 for the best interest of the child.
That same type of interim agreement was reached in September 2007 by the Chandlers immediately after their proceedings for divorce had begun. A short time later, if either party had filed a rule urging a change in the interim sharing of custody, that party would not have to show a material [¡.change in circumstances. That’s why they limited their agreement as “interim.”
Yet, this “Interim Judgment” lingered for years, and now change of custody is sought. In such settings, while the application of the multiple factor test of Civil Code Article 134 is the legal measure without the Evans v. Lungrin burden, the party opposing the change of custody may receive a much greater weight for factor 4 — “the length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.” La. C.C. art. 134(4). The party moving for a final custody determination must show that altering an extended interim sharing arrangement weighs in favor of the best interest of the child. Yet, if the interim arrangement lasted truly for a short time, this fourth factor may be inconsequential.